IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **APRIL COLLINS**, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. |
| vs. | ) | Judge |
| **AMIVIE, LLC,** | ) | **COLLECTIVE ACTION COMPLAINT** |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

Plaintiff April Collins f/k/a April Johnson ("Named Plaintiff"), on behalf of herself and others similarly situated, for her Collective Action Complaint against Defendant Amivie, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Named Plaintiff brings this case as a FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division.

## PARTIES

### A. Named Plaintiff

5. Named Plaintiff is an adult individual residing in Byesville, Ohio. Named Plaintiff's Consent to Join form is attached as **Exhibit 1.**

6. Named Plaintiff has been employed by Defendant as a non-exempt hourly home health care aid since approximately March 4, 2024.

7. At all relevant times, Named Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA.

8. At all relevant times, Named Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendant**

9. Defendant Amivie, LLC, is a Delaware limited liability company with its headquarters at 4000 Paramount Pkwy Suite 100, Morrisville, NC 27560. Defendant can be served through its registered statutory agent: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

10. At all relevant times, Defendant has been an employer within the meaning of the FLSA.

11. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

**A. Defendant failed to pay Named Plaintiff and those similarly situated for all time worked resulting in unpaid overtime.**

12. Defendant provides home health care services.

13. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as non-exempt hourly employees who performed home health aide

services.

14. Named Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

15. At all relevant times, Named Plaintiff and other similarly situated employees were required to travel between patients' homes, or between a corporate office of Defendant and patients' homes during their regular work hours to provide home health aide services and perform other job-related duties.

16. At all relevant times, Defendant paid Named Plaintiff and other similarly situated employees for the time spent traveling between patients' homes during their regular work hours based on estimated travel time, rather than actual travel time.

17. At all relevant times, Defendant did not pay Named Plaintiff and other similarly situated employees at all for the time spent traveling between a corporate office of Defendant and patients' homes during their regular work hours.

18. In both scenarios, of travel between client homes and travel between a corporate office of Defendants and client homes, Named Plaintiff and others similarly situated were not paid for the actual time spent traveling to and from different job sites within the same workday. Such work is compensable under the commonly called "continuous workday" rule.

19. This unpaid work performed by Named Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit. This included time spent traveling between patient homes to begin or continue care for other patients, time spent traveling between a corporate office of Defendant and patient homes to begin or continue care for patients, and time spent traveling between client homes and a corporate office of Defendant to perform billing and other business tasks for Defendant.

20. This unpaid work was an integral and indispensable part of the principal activities performed by Named Plaintiff and other similarly situated employees. For example, they could not perform their home aide job duties without traveling to the home of each patient.

21. This unpaid time is no different than an hourly employee traveling between rooms on the same floor or different floors to provide care to other patients. The only difference here is that Named Plaintiff and others similarly situated were required to travel from patient home to patient home, or from a corporate office to patient homes, rather than simply room to room.[1]

22. Defendant failed to accurately record and compensate Named Plaintiff and those similarly situated for all time worked, including actual time spent traveling between patients' homes or between a corporate office of Defendant and patients' homes.

23. Named Plaintiff and others similarly situated worked 40 or more hours in one or more workweek(s). Therefore, Defendant failed to pay Named Plaintiff and others similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

24. As a result of Defendant's companywide policy and/or practice described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and similarly situated employees for all wages that they actually earned, including overtime pay.

25. The exact total amount of compensation, including overtime compensation, Defendant failed to pay to Named Plaintiff and others similarly situated is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

---

[1] To avoid confusion, Named Plaintiff is not seeking compensation for ordinary commute time before or after the start and/or end of the workday.

26. Defendant failed to accurately record and compensate Named Plaintiff and those similarly situated for all time worked, and for actual time spent engaged in compensable job-to-job travel.

27. As a result, Defendant failed to pay Named Plaintiff and those similarly situated for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek in violation of the FLSA.

**Defendant's Recordkeeping Violations**

28. The FLSA and state law require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); and 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

29. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

30. Defendant kept records of hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

31. However, because of Defendant's policies described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees.

32. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly calculated compensable job-to-job travel time. Defendant's failure to pay Named Plaintiff and others similarly situated for the actual time spent engaged in compensable job-to-job, office-to-job, and job-to-office travel had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

33. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

34. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and other similarly situated employees of the following opt-in collective:

> **All current and former hourly employees of Defendant, including temporary workers if applicable, who performed job-to-job, office-to-job, or job-to-office travel, and who worked 40 or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint, through final disposition of this matter (the "FLSA Collective" or "FLSA Collective Members").**

35. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described herein, which resulted in unpaid overtime.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

37. Such persons are “similarly situated” with respect to Defendant’s FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant’s failure to pay Named Plaintiff and the FLSA Collective Members for the actual time spent engaged in job-to-job travel, rather than estimated time, resulting in Defendant failing to pay Named Plaintiff and all others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys’ fees, and costs.

38. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

**COUNT ONE**
**(FLSA Overtime Violations)**

39. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Named Plaintiff brings this claim for violations of the FLSA’s overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

41. The FLSA requires that Defendant’s hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of “not less than one and one-half times” the employees’ properly calculated “regular rate.” 29 U.S.C. § 207(a)(1).

42. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their properly calculated regular rate of pay when they worked more than 40 hours in a

workweek.

43. Named Plaintiff and other similarly situated employees were not paid for all time worked, because Defendant paid Named Plaintiff and other similarly situated employees for time spent engaged in compensable job-to-job travel based on the estimated time it took Named Plaintiff and other similarly situated employees to travel between patients' homes during work hours, rather than the actual time it took Named Plaintiff and other similarly situated employees to travel between patients' homes.

44. Named Plaintiff and other similarly situated employees were not paid for all time worked, because Defendant did not pay paid Named Plaintiff and other similarly situated employees at all for time spent engaged in compensable job-to-office and office-to-job travel.

45. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

46. Defendant's practice and policy of not paying Named Plaintiff and other similarly situated employees for the actual time spent engaged in compensable job-to-job, job-to-office, and office-to-job travel resulted in Defendant's failure to pay Named Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

47. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

48. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

49. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

50. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. § 216(b);

B. Enter judgment against Defendant and in favor of Named Plaintiff and the FLSA Collective Members;

C. Award Named Plaintiff and the FLSA Collective Members actual damages for unpaid wages;

D. Award Named Plaintiff and the FLSA Collective Members who join liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

E. Award Named Plaintiff and the FLSA Collective Members pre-judgment and post-judgment interest at the statutory rate;

F. Award Named Plaintiff and the FLSA Collective Members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

G. Award Named Plaintiff and the FLSA Collective Members any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Sharika M. Robinson*

**THE LAW OFFICES OF SHARIKA M. ROBINSON**

Sharika M. Robinson (44750)
10230 Berkeley Place Drive, Suite 220
Charlotte, North Carolina 28262
Telephone: (704) 561-6771
Email:srobinson@sharikamrobinsonlaw.com

**NILGES DRAHER LLC**

Adam Lubow (Ohio 0097517)*
Robi J. Baishnab (Ohio 0086195)*
Nicholas A. Boggs (Ohio 0102430)*
700 W. St. Clair Ave., Suite 320
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: alubow@ohlaborlaw.com
rbaishnab@ohlaborlaw.com
nboggs@ohlaborlaw.com

**Pro hac vice admission anticipated*

*Counsel for Named Plaintiff*

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Sharika M. Robinson*
*Counsel for Named Plaintiff*